1  BRIAN J. STRETCH (CABN 163973)
   United States Attorney
2  PHILIP A. GUENTERT (CABN 147374)
   Acting Chief, Criminal Division
3  CYNTHIA STIER (DCBN 423256)
   Assistant United States Attorney
4
5    450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
6    Telephone: (415) 436-7000
     FAX: (415) 436-7009
7
8  Attorneys for the United States

9                         UNITED STATES DISTRICT COURT
10                       NORTHERN DISTRICT OF CALIFORNIA
11                              SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR-13-00722-WHO |
| Plaintiff, | |
| v. | SENTENCING MEMORANDUM |
| JOHN CLIFFORD POLLARD, | Date: August 17, 2016<br>Time: 1:30 p.m. |
| Defendant. | |

**A.  Charges and Conviction**

On November 14, 2013, Defendant, John Pollard, plead guilty to a one count information charging him with a violation of 26 U.S.C. § 7206(2) – Assisting in the Preparation and Presentation of a false Employer's Quarterly Federal Tax Return. The adjusted offense level was 13 and the U.S.S.G. range was 12-18 months. The PSR recommended a sentence of 3 months custody (variance), 1 year supervised release with 6 months home confinement, no probation, no fine, and restitution of $173,463. The United States recommended a sentence of 9 months custody, 1 year supervised release with 3 months home confinement, no probation, a fine of $3,000, and restitution of $173,463. The Court, relying on Pollard's presentation of many good civic deeds, including hiring felons to work at his business, SF Garage, ordered a probationary sentence of 2 years. This Court, believing Pollard to be rehabilitated, provided him the opportunity to continue with his life,

his business, and good civic deeds.

On April 14, 2016, approximately one month before his probationary period was to end, Pollard was arrested by the San Francisco Police Department (SFPD) for Aggravated Assault with a Deadly Weapon other than a firearm, and one count of felony hit and run, involving an employee of SF Garage. To date, the District Attorney has not charged Pollard. The US Probation Officer filed a Form 12 Petition, which was later amended. Pollard appeared before this Court and admitted to a violation of the statutory condition directing that he not commit another crime as set out in the Amended Form 12 Petition. Pollard informed the Court that he has been attending anger management classes and the Court ordered that he not drive pending resolution of this violation.

The government seeks to revoke probation and impose a new 3-year period of probation, a forty-five (45) day period of incarceration to be served either on weekends or at one time, anger management class, a continued restriction on driving pending the completion of anger management class.

### B. Form 12 Violation Conduct

Pollard plead guilty to violating the statutory condition directing that he not commit another crime. The violation is a charge by the SFPD for Aggravated Assault with a Deadly Weapon other than a firearm, which in this case was a vehicle. Pollard crashed his vehicle, a silver Scion, into a blue Scion driven by one of his employees at SF Garage. Pollard crashed his vehicle into the vehicle driven by his employee three or four times. Both vehicles are owned by SF Garage. Witnesses provided two videos, both of the final crash. Those videos are submitted to the Court with this Sentencing Memorandum as Exhibit A. The impact to the blue Scion resulted in a collision with a SF city vehicle, a white Prius. The videos show all 3 vehicles involved in the final crash.

Importantly, after the incident, Pollard began attending anger management classes. However, Pollard was not honest with law enforcement following the incident. Moreover, Pollard down played the incident to this Court by representing that the damage to all three vehicles was $500. Photographs of the vehicles show damage exceeding $500. See Exhibit B (14 photographs of damage to the 3 vehicles).

Prior to witnessing the videos and photographs, Pollard provided a statement to SF police that was "vastly inconsistent with the accounts provided by the witnesses. Specifically, the offender [Pollard] claimed that he accidentally forgot to put the vehicle that he was driving in reverse and instead

drove forward and crashed into the second vehicle which, he reported was parked on the curb and unoccupied." Form 12, p. 2 ¶ 6. The videos clearly show that Pollard hit a car that was occupied because it was driving away after the third or fourth crash. Pollard "was adamant that the collisions were accidental and that he was in no way angry with the victim." Form 12, p. 3 ¶ 1. The witnesses stated that Pollard "seemed angry by his 'body language'" and the video shows Pollard's fiancé frantically summoning him to stop. Form 12, p. 3 ¶ 3. The victim admitted to experiencing back pain as a result. Form 12, p. 2 ¶ 5. The incident ended for the employee with threats by Pollard to stay out of the office, other employees giving him his final paycheck and a box of his belongings. Form 12, p. 4 ¶ 1. The victim also stated that Pollard "gets upset very easily and frequently yells at employees and calls them derogatory names." Form 12, p. 4 ¶ 1. This last statement is eerily similar to statements made by employees to agents during the investigation and to the prosecutor after the sentencing hearing. These employee statements were conveyed to Pollard, through his counsel, shortly after the sentencing in this case. Unfortunately, it took this incident to address the issue of anger management.

If anger management were the only issue, the government would not be seeking custody. Pollard was dishonest with law enforcement and with this Court. Prior to seeing the videos, Pollard told the SF officer that the collision was "accidental" and that he thought the car was "unoccupied" despite his fiancé frantically yelling for him to stop and the fact that someone was in the car driving it away from Pollard. Moreover, Pollard informed this Court that the damage to all 3 vehicles was $500 when the photographs show damage exceeding $500.

In sentencing Pollard for the tax case, this Court relied upon Pollard's good civil deeds that benefit the community. This incident shows another side to Pollard, of violence and deception. That Pollard tried to minimize the incident as a mistake with minimal damage to the vehicles evidences deception and lack of respect for the law. Without the videos, Pollard may have succeeded.

The government seeks a sentence of 45 days incarceration, anger management classes, a 3 year term of probation and a prohibition from driving until his anger management classes have been completed. That sentence takes into account the seriousness of this offense, promotes respect for the law and honesty, and deterrence of future similar conduct.

//

Sentencing Memorandum
CR-13-00722-WHO                3

### C. Government's Recommendation

The government recommends revocation of probation, and the imposition of a three (3) year term of probation, a forty-five (45) day period of incarceration to be served either on weekends or at one time, anger management class, a continued restriction on driving pending the completion of anger management class.

Respectfully submitted,

BRIAN STRETCH
United States Attorney

/s/ Cynthia Stier
CYNTHIA STIER
Assistant United States Attorney
Tax Division

| | |
|---|---|
| 1 | <u>CERTIFICATE OF SERVICE</u> |
| 2 | I, KATHY TAT declare: |
| 3 | That I am a citizen of the United States of America and employed in San Francisco County, |
| 4 | California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box |
| 5 | 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to |
| 6 | the above-entitled action. |
| 7 | I am employed by the United States Attorney for the Northern District of California and discretion to |
| 8 | be competent to serve papers. The undersigned further certifies that I caused a copy of the following: |
| 9 | **EXHIBIT A CD** |
| 10 | to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed |
| 11 | envelope, and served as follows: |
| 13 | _X___ FIRST CLASS MAIL by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice. |
| 14 | ____ PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED) |
| 15 | ____ SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF) |
| 17 | ____ FACSIMILE (FAX) No.: |
| 18 | to the parties addressed as follows: |
| 19 | **Mary McNamara** |
| 20 | **Swanson & McNamara LLP** |
| | **300 Montgomery Street, Suite 1100** |
| 21 | **San Francisco, CA 94104** |
| 22 | I declare under penalty of perjury under the laws of the United States that the foregoing is |
| 23 | true and correct. |
| 24 | Executed on    8/1/2016   at San Francisco, California. |
| 26 |                /s/ |
| | KATHY TAT |
| 27 | Legal Assistant |